IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHRISTOPHER LANCASTER,

    Plaintiff,

v.                                                 Civil Action No. 1:16cv200
                                                    (Judge Keeley)

J. TODD, Officer; OFFICER ARTRIP;
C. O. B. KUNKLE; OFFICER FERRELL;
M. DOYLE, Lieutenant; NURSE MYERS;
NURSE FOWLER; NURSE HILEMAN;
LT. HARRISON; TERRY O'BRIEN, Warden;
ODOM, Assoc. Warden; THOMPSON,
Executive Ass't.; NURSE DAWSON;
CAP'T. GILLY; D. JONES, Counselor;
SHERK, Officer; C. TROOPMAN, Officer;
C. BENNET, Officer; B. MICHAELS [sic],
Officer; MERKERGO [sic]; BRADLY,
Officer; ALLISON, Officer; ANDREWS,
Officer; BOYARD, Officer; and "all
unknown not listed in Complaint,"

    Defendants.

## REPORT AND RECOMMENDATION THAT PLAINTIFF'S MOTIONS FOR LEAVE TO FILE AN AMENDED COMPLAINT BE DENIED

### I. Background

This Bivens civil rights action was filed October 21, 2016. ECF No. 1. Defendants were ordered to answer October 26, 2016. ECF No. 6. Defendants filed a Motion to Dismiss or in the Alternative, Motion for Summary Judgment on February 22, 2017. ECF No. 32.

On March 13, 2017, the *pro Se* Plaintiff filed a letter motion seeking to file an amended complaint "since I've previously filed one amended complaint" and asking "permission to file

one last amended complaint pertaining to this case."[1] ECF No. 39. Plaintiff did not identify the reason he sought to amend.

On May 1, 2017, Plaintiff filed a Motion for Leave to File an Amended Complaint. ECF No. 43. The relief sought is unclear, but liberally construed, it appears Plaintiff is seeking to amend his complaint to remove Defendants Lt. Harrison, Terry O'Brien, and Captain Gilly as defendants in this action because he realized he had made no allegations against them in his complaint. Further, Plaintiff also seeks to delete his claim for nominal damages because he has discovered it is unneeded; however, he specifies that his claim for compensatory and punitive damages are to remain the same. ECF No. 43 at 1 - 2. Defendants filed a response in opposition on May 11, 2017, contending that the motion should be denied as futile, because Plaintiff's claims were due to be dismissed anyway for failure to exhaust, and his unclear sought-after amendments regarding individual defendants would have no substantive effect on his claims. ECF No. 44 at 3 – 4.

On May 26, 2017, Plaintiff filed a Motion to Supplement or Supplemental Complaint, seeking to remove Lt. Harrison, Terry O'Brien, and Captain Gilly as defendants in this action, because they "are not important and are not mentioned in the complaint as violating Plaintiff's 8th amendment rights." ECF No. 60 at 1. Further, Plaintiff seeks to delete his claim for nominal damages, because he has determined that nominal damages cannot be sought for an 8th Amendment violation. Id. at 2.

## II. Analysis

It is true that a district court should construe *pro se* petitions liberally, no matter how unskillfully pleaded. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Although as a general rule, while motions to amend pleadings are liberally granted under Federal Rule of Civil

---
[1] A review of the docket reveals that Plaintiff has not filed a previous amended complaint in this action.

Procedure 15(a)(1), that Rule provides that a party may amend its pleading once as a matter of course (A) within 21 days after serving the pleading or (B) within 21 days of the service of a responsive pleading or a motion filed under F.R.Civ.P. 12(b), (e), or (f), whichever is earlier. In all other cases, a party "may amend its pleading only with the opposing party's written consent or the court's leave."

When the above timelines have expired and the other party does not consent, a plaintiff may not amend his complaint without leave of court. The Fourth Circuit has held that courts should deny leave to amend "only where good reason exists" to do so. Franks v. Ross, 313 F.3d 184, 189 n.15 (4th Cir. 2002). Leave to amend may be denied when the proposed amendment is futile because it is "clearly insufficient or frivolous on its face." Johnson v. Oroweat Foods Co., 785 F.2d 503, 510 (4th Cir. 1986); see also Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc).

Here, a review of the docket reveals that while Plaintiff did file his first motion to amend within 21 days after the Defendants filed their dispositive motion, Plaintiff's motion did not identify the reason for his seeking to amend his complaint. Plaintiff's second motion to amend was filed over two months after Defendants filed their dispositive motion, and his third was filed over four months after Defendants filed their dispositive motion. Moreover, the amendments Plaintiff seeks to make to his complaint, removal of three defendants from this action, whom he has omitted to make any allegations against, and the removal of a claim for nominal damages, will not change the outcome of this case.

### III. Recommendation

Based on the foregoing, the undersigned recommends that Plaintiff's motions to amend his complaint [ECF Nos. 39, 43 & 60] should be **DENIED as futile.**

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), *cert. denied,* 467 U.S. 128 (1984).

The Clerk is directed to provide a copy of this Order to the *pro se* Plaintiff by certified mail, return receipt requested, at his last known address as reflected on the docket sheet, and to transmit a copy electronically to all counsel of record.

DATED:  June 14, 2017

/s/  James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE