```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**CHRISTOPHER LANCASTER,**

       **Plaintiff,**

**v.**                                  **Civil Action No. 1:16cv200**
                                              **(Judge Keeley)**

**J. TODD, Officer; OFFICER ARTRIP;
C. O. B. KUNKLE; OFFICER FERRELL;
M. DOYLE, Lieutenant; NURSE MYERS;
NURSE FOWLER; NURSE HILEMAN;
LT. HARRISON; TERRY O'BRIEN, Warden;
ODOM, Assoc. Warden; THOMPSON,
Executive Ass't.; NURSE DAWSON;
CAP'T. GILLY; D. JONES, Counselor;
SHERK, Officer; C. TROOPMAN, Officer;
C. BENNET, Officer; B. MICHAELS [sic],
Officer; MERKERGO [sic]; BRADLY,
Officer; ALLISON, Officer; ANDREWS,
Officer; BOYARD, Officer; and "all
unknown not listed in Complaint,"**

       **Defendants.**

## ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 79]

On October 21, 2016, the pro se plaintiff, Christopher Lancaster ("Lancaster"), filed a Bivens[1] action against multiple correctional officers and employees at U.S.P. Hazelton (dkt. no. 1). The Court referred this action to United States Magistrate Judge James E. Seibert for initial screening and a Report and Recommendation ("R&R") in accordance with LR PL P 2. On February 22, 2017, the defendants filed a motion to dismiss, or in the alternative, motion for summary judgment (dkt. no. 32).

---

[1] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 390 (1971).

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 79]**

On March 9, 2017, Lancaster moved for an extension of time in which to respond to defendants' dispositive motion (dkt. no. 34). By Order entered on May 16, 2017, the Court granted Lancaster's motion for an extension of time (dkt. no. 59). On June 5, 2017, Lancaster filed a second motion for an extension of time, seeking a 60-day extension (dkt. no. 62). By Order entered on June 13, 2017, the Court granted Lancaster's motion in part, and he was given until July 31, 2017, to file his response (dkt. no. 63).

On July 13, 2017, Lancaster filed a response in opposition to defendants' dispositive motion, along with a motion to postpone summary judgment (dkts. no. 69 & 68). Also pending are Lancaster's pro se motion for discovery (dkt. no. 36), motion for an injunction to write to witnesses in other prisons (dkt. no. 38), and motion for an injunction to be seen by an outside specialist (dkt. no. 40), all of which were filed on March 13, 2017.

On August 21, 2017, Magistrate Judge Seibert entered an R&R, recommending that the Court grant the defendants' motion to dismiss, or in the alternative, motion for summary judgment as to all defendants, and dismiss the plaintiff's complaint with prejudice (dkt. no. 79 at 45-46). After thoroughly discussing the applicable legal standards, as well as the relevant case law and the pertinent facts of the case, Magistrate Judge Seibert determined that no genuine issue of material fact precluded summary judgment on Lancaster's claims of excessive force and deliberate indifference

to medical needs, and concluded that the claims should be dismissed as frivolous. Id. at 32, 42. Magistrate Judge Seibert further determined that Lancaster's claim of retaliation failed to implicate any clearly established constitutional right. Id. at 43-44. Finding that Lancaster had failed to state a claim for retaliation, the R&R recommended that the claim be dismissed. The R&R further recommended that the Court deny Lancaster's pending motions (dkt nos. 36, 38, 40, & 68) as moot. Id. at 46.

The R&R specifically warned Lancaster that his failure to object to the R&R within fourteen (14) days of being served with a copy would result in the waiver of any appellate rights he might otherwise have on this issue. Id. Lancaster had until September 11, 2017, to file any objections. Rather than do so, however, on September 8, 2017, he filed a motion to enlarge time, requesting an additional sixty (60) days to file his objections to the R&R. After reviewing the matter and finding no good cause, the Court denied Lancaster's motion to enlarge time (dkt. no. 82).

On September 22, 2017, Lancaster filed an objection to the denial of his motion to enlarge time (dkt. no. 83), averring that, at various times over the last several months, he has been denied access to paper, pencils, envelopes, and stamps. This statement, however, is belied by the fact that since May of 2017, Lancaster has handwritten, in pencil or pen, and mailed, using stamps and envelopes provided by the BOP, at least fifteen (15) separate

filings in this case (dkt. nos. 43, 58, 60, 62, 68, 69, 71, 72, 73, 74, 75, 76, 77, 81, & 83), including his objection to the Court's denial of his most recent request to extend deadlines in this matter. In none of his requests for additional time to object to the R&R has he even attempted to address the substantive issues in this case, all of which he has previously addressed at length in earlier filings. The Court therefore finds that Lancaster's latest attempt to extend the deadlines further is pure manipulation of the process. To date, the parties have not filed any objections.[2]

When reviewing the R&R, the Court must review de novo only the portions to which an objection has been timely made. See 28 U.S.C. § 636(b)(1)(C). On the other hand, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold those portions of a recommendation to which no objection has been made unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Although neither party has objected, and the Court, therefore, is under no obligation to conduct a de novo review (Dellacirprete,

---

[2] The failure to object to the Report and Recommendation not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).

4

479 F. Supp. 2d at 603–04), it has conducted such a review and concludes that the magistrate judge has properly recited the facts and applied the law.

As to his excessive force claim, Lancaster has failed to establish the requisite "unnecessary and wanton infliction of pain" that violates the Eighth Amendment's prohibition against cruel and unusual punishment. Whitley v. Albers, 475 U.S. 312, 321–22 (1986). Lancaster has neither demonstrated that defendants' conduct was "objectively harmful enough to establish a constitutional violation," nor that defendants inflicted "unnecessary and wanton pain and suffering" upon him. Hudson v. McMillian, 503 U.S. 1, 6, 8 (1992)(internal citations omitted). Rather, the record demonstrates that defendants' use of force was made "in a good faith effort to maintain or restore discipline," and not "for the very purpose of causing harm." Whitley, 475 U.S. at 320-21.

Similarly, as to his claim for denial of medical care, Lancaster has failed to establish that defendants acted with deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 105 (1976). A thorough review of the record makes clear that, contrary to his claim that his medical needs were "ignored," Lancaster was not denied necessary medical care, and instead, was provided with prompt medical attention. Finding that Lancaster has failed to state claims upon which relief can be granted, and that there are no genuine issues of material fact, the

Court concludes that his excessive force and deliberate indifference claims should be dismissed.

Finally, as to his claim of retaliation, Lancaster has failed to sufficiently allege that defendants retaliated against him in response to his exercise of a constitutionally protected right. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Because inmates have no constitutional right to participate in a prison's grievance process (Id.), Lancaster's claim that staff retaliated against him for pursuing his complaints through the BOP's administrative process are not appropriate claims in a Bivens action. Additionally, because mere verbal harassment does not give rise to a constitutional violation, Wagner v. Wheeler, 13. F. 3d 86, 92-93 (4th Cir. 1993), Lancaster's allegations that BOP employees cursed at him and used racial slurs do not state a viable claim for retaliation. Finding that Lancaster has failed to establish a violation of any of his clearly established constitutional rights, the Court concludes that his retaliation claim should be dismissed.

Accordingly, after a careful review of the record and for the reasons more fully stated in the R&R, the Court **ADOPTS** the R&R in its entirety (dkt. no. 79), **GRANTS** the defendants' motion to dismiss or for summary judgment (dkt. no. 32), and **DISMISSES** the plaintiff's complaint **WITH PREJUDICE** (dkt. no. 1). It also **DENIES** as moot the plaintiff's motion for discovery (dkt no. 36), motion for an injunction to write to witnesses in other prisons (dkt. no. 38),

motion for an injunction to be seen by an outside specialist (dkt. no. 40), and motion to postpone summary judgment (dkt. no. 68).

It is so **ORDERED.**

The Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se plaintiff, certified mail, return receipt requested.

Dated: September 27, 2017.

                                        /s/ Irene M. Keeley
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE